**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. JEANIE HOGAN, | ) |
| | ) |
| Plaintiff, | ) CIV-26- |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) ATTORNEY LIEN CLAIMED |
| 1. SECRETS NIGHT CLUB, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Jeanie Hogan, and hereby pleads as follows:

## PARTIES

1. The Plaintiff is Jeanie Hogan, an adult female resident of Cleveland County, Oklahoma.

2. The Defendant is Secrets Night Club, a domestic company doing business in Oklahoma County, Oklahoma.

## JURISDICTION & VENUE

3. Plaintiff asserts claims for gender discrimination in the form of creation of a sexually harassing work environment and termination in retaliation for opposing sexual harassment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2*, et seq*. and Oklahoma's Anti-Discrimination Act, 25 Okla. St. §§ 1301, *et seq*.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. Most of the conduct giving rise to Plaintiff's claims occurred in Oklahoma

County, Oklahoma, a county within the United States District Court for the Western District of Oklahoma. Accordingly, venue is proper in this court.

## STATEMENT OF FACTS

5. The Defendant employed at least fifteen employees during at least twenty or more weeks in the current or proceeding calendar year such that it is an employee subject to Title VII of the Civil Rights Act.

6. Plaintiff was employed by the Defendant from around August 8, 2024 until around May 14, 2025.

7. Plaintiff held the job positions of bartender and server (waitress), positions for which she was qualified and performed satisfactorily.

8. Beginning around October 2024, and thereafter on a near-daily basis, Plaintiff's supervisor Terry Richmond would touch Plaintiff's body (including her breasts), make comments about her breasts, grab her by the breast and poke her in the chest between her breasts.

9. Also, on a near-daily basis, defendant's owner, Vance Long, would touch Plaintiff's bottom and make sexual comments about Plaintiff.

10. Plaintiff opposed Mr. Richmond's and Mr. Long's conduct, including by telling them to stop and trying to move away from them and not get close to them. However, the harassing conduct did not stop.

11. Toward the end of her employment in May 2025, Mr. Long instructed Plaintiff to go into a private room with him (Mr. Long). Mr. Long alluded that he wanted Plaintiff to perform oral sex upon Mr. Long. Plaintiff refused.

12. Around May 12, 2025 Plaintiff told Mr. Long that if the harassment did not stop, that she intended to file a police report for sexual assault.

13. Defendant terminated Plaintiff's employment about two days later, on May 14, 2025.

14. As a direct result of Defendant's conduct, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, embarrassment, frustration, sadness and similar unpleasant emotions.

15. At the least, significant factors in the decision to terminate Plaintiff's employment include Plaintiff's opposition to sexual harassment. Plaintiff's opposition to sexual harassment may also be a but-for factor in her termination.

16. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on September 9, 2025. The EEOC issued Plaintiff her right to sue letter with an issuance date of July 10, 2026. This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## **COUNT I**

Plaintiff incorporates the above paragraphs and further alleges:

17. Subjecting an employee to a sexually hostile working environment and terminating the employee for opposing sexual harassment, violates Title VII of the Civil Rights Act.

18. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

19. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

20. Subjecting an employee to a sexually hostile working environment and terminating the employee for opposing sexual harassment, violates Title VII of the Civil Rights Act.

21. Under this Count the Plaintiff is entitled to her wage and benefit loss (back pay/benefits) and an equal amount of liquidated damages.

22. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

**WHEREFORE,** the Plaintiff requests this Court award all relief, including equitable and monetary relief, available under the law, including but not limited to, a declaration that Defendant violated federal and/or state law, wage and benefit loss, compensatory damages (including emotional distress damages), liquidated damages, attorneys' fees and costs, reinstatement, along with all other relief allowed.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF SEPTEMBER 2026.**

s/ Amber L. Hurst
Amber L. Hurst, OBA No. 21231
HAMMONS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED